**Harjinder SINGH, Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

**No. 03–71716.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 14, 2005.

Decided May 4, 2005.

Tsz–hai Huang and George T. Heridis, Esq., Rai & Associates, PC, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA; Mark C. Walters, Esq., Jennifer Lightbody, Margot L. Nadel, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Mark C. Walters, Esq., Jennifer Lightbody, Margot L. Nadel, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, O'SCANNLAIN, and KLEINFELD, Circuit Judges.

MEMORANDUM \*\*

The Immigration Judge's adverse credibility finding, adopted by the Board of

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Immigration Appeals,[1] was supported by substantial evidence.[2]

Singh's testimony contains a number of serious, inconsistent, and implausible assertions that go to the heart of his asylum application[3] and cast serious doubt on whether the events described ever occurred.[4] The Immigration Judge offered specific, cogent reasons for his adverse credibility determination[5] and the record does not compel a contrary conclusion.[6] Among them were that (1) Singh returned to his home village, despite his testimony that he had received information that the police were looking for him there; (2) Singh testified that the police arrested him when their real interest was in his father rather than him, yet the police did not arrest or question his father; (3) Singh was only detained for half an hour when he returned from abroad, despite his claim that the police were interested in him; (4) Singh's two medical records are inconsistent with his testimony; (5) Singh's family is doing "quite well" in India, according to his father; and (6) Singh was released three days after what his testimony indicated was his most serious arrest, without having to pay a bribe, despite Singh's testimony that the police had a routine of arresting Sikhs on less serious charges and then not releasing them unless they received a bribe.

Because Singh failed to show that he was eligible for asylum, he necessarily fails to meet the more stringent standard for withholding of removal.[7]

We lack jurisdiction to review Singh's claim that he is entitled to relief under the Convention Against Torture because he failed to raise that claim in his appeal to the Board of Immigration Appeals.[8] In his correspondence with the Board, Singh failed to give any notice that he was challenging the Immigration Judge's ruling on his Torture Convention claim, thereby depriving the Board of an opportunity to pass on the issue.[9]

PETITION DENIED.

1. See Falcon Carriche v. Ashcroft, 350 F.3d 845, 849 (9th Cir.2003).

2. See Guo v. Ashcroft, 361 F.3d 1194, 1199 (9th Cir.2004).

3. See Alvarez–Santos v. INS, 332 F.3d 1245, 1254 (9th Cir.2003).

4. See Singh–Kaur v. INS, 183 F.3d 1147, 1152–53 (9th Cir.1999).

5. See de Leon–Barrios v. INS, 116 F.3d 391, 393 (9th Cir.1997).

6. See Pal v. INS, 204 F.3d 935, 938 (9th Cir.2000).

7. See Farah v. Ashcroft, 348 F.3d 1153, 1156 (9th Cir.2003).

8. See Zara v. Ashcroft, 383 F.3d 927, 930 (9th Cir.2004); Vargas v. U.S. Dep't of Immigration & Naturalization, 831 F.2d 906, 907–08 (9th Cir.1987).

9. Cf. Zhang v. Ashcroft, 388 F.3d 713, 721 (9th Cir.2004); Ladha v. INS, 215 F.3d 889, 903 (9th Cir.2000).